## W. C. EPPS v. THE STATE.

No. 1650. Decided November 3, 1897.

**Plea of Former Acquittal—Striking Out by the Court.**

When offenses charged in the different indictments are so diverse as not to admit of proof that they are the same transaction, the court may decide the issue and strike out the plea of former acquittal without submitting it to be determined by the jury. Following Wright v. State, 37 Texas Crim. Rep., 627.

APPEAL from the District Court of Cooke. Tried below before Hon. D. E. BARRETT.

Appeal from a conviction for robbery, penalty assessed being seven years imprisonment in the penitentiary.

There is no statement of facts in the record, and the only question is the action of the court in sustaining the State's general demurrer to defendant's special plea of former acquittal, striking the same from the record and refusing to submit it to the jury for their determination. The difference in the two cases, as made by the two indictments, is made plainly to appear by the opinion without the necessity of setting them out at length.

*Green & Culp*, for appellants.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of robbery, and his punishment assessed at confinement in the penitentiary for a term of seven years; hence this appeal.

The only question presented for our consideration is as to the action of the court in striking out appellant's plea in bar. The indictment on which appellant was put on trial was for the robbery of one E. A. Peifer, by making an assault on him, and putting him in fear, and by the use and exhibition of firearms, and taking from his person and possession one watch and one chain of the value of $40, the same alleged to belong to the said E. A. Peifer. Appellant's plea in bar sets up that he had previously been indicted for the robbery of one J. W. Powers. The indictment in said case is made an exhibit, and shows that appellant is alleged to have made an assault on one J. W. Powers, and by said assault, and by violence to the said Powers, and by the use and exhibition of firearms, and by putting said Powers in fear of life and bodily harm, that he took from the person and possession of said Powers $140. Appellant further alleged that said offenses were one and the same transaction, and that he had been acquitted of said offense by a verdict of the jury, and that the same was a bar to this prosecution.

It will be noted that the two indictments differ in two essential respects. The first, under which he had been acquitted, charged the robbery of one J. W. Powers, and alleged that appellant robbed him of $140. The second indictment, the one on which he was

then being tried, charged him with the robbery of Peifer, and the taking from him of a watch and chain of the value of $40. In Wright v. State, 37 Texas Criminal Reports, 627, we followed the rule deduced from the authorities on this subject, to the effect that, where the offenses charged in different indictments are so diverse as not to admit of proof that they are the same, the court may decide the issue without submitting it to the jury. See also Wheelock v. State (Texas Crim. App.), 38 S. W. Rep., 182. Applying that rule to the two indictments in this case, it is obvious that they are distinct and different offenses, and they are so diverse as not to admit of proof that they are the same; and therefore we hold that the action of the court in striking out the plea filed in this case was not error. The judgment is affirmed.

*Affirmed.*

HURT, Presiding Judge, absent.